|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| ESMERALDA VELEZ AROCHO,<br><br>Plaintiff,<br><br>v.<br><br>COLEGIO JARDIN, et al.,<br><br>Defendants. | Civil No. 04-1093 (JAF) |

**O R D E R**

Plaintiff, Esmeralda Vélez Arocho, filed the present complaint against Defendants, Colegio Jardín; Nivia Elba Rosario Rodríguez, her spouse, Víctor González González, and the conjugal partnership composed between them; Quality School Services; Quality Educational Services, Inc. ("Quality"); Braxton School of Puerto Rico; Sonia Santiago; and the United States Department of Education ("Dep't of Education"), represented by the United States of America; alleging gender-based discrimination under Puerto Rico's Civil Code. Docket Document No. 1.  In a June 14, 2005 order, we adopted the report and recommendation of the magistrate dismissing the complaint. Docket Document No. 137.  Defendant Quality then submitted a motion for attorneys' fees.  Docket Document No. 141.  Plaintiff opposed the motion.  Docket Document No. 147.

Defendant Quality argues that Plaintiff's suit was unfounded, frivolous or otherwise unreasonable, and, therefore, this court should order Plaintiff to pay Defendant Quality's attorneys' fees.

Civil No. 04-1093 (JAF)                                              -2-

Docket Document No. 141 (citing to Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 11 (1st Cir. 1999)); see also, 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees. . . ."). Plaintiff counters, quite simply, that it neither acted unreasonably nor in bad faith. Docket Document No. 147.

Under the "American Rule," attorneys' fees are not recoverable by a party unless statutorily or contractually authorized. Mullane v. Chambers, 333 F.3d 322, 337 (1st Cir. 2003). A court possesses inherent equitable powers, however, to award attorneys' fees against a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Id. at 338. Because these "inherent powers" must be exercised with "restraint and discretion," a district court must describe the bad faith conduct with sufficient specificity, accompanied by a detailed explanation of the reasons justifying the award, in order to pass muster with the appellate court. Id.

According to this well-established standard, Defendant Quality's motion requesting attorneys' fees must fail. First, Defendant Quality makes no sufficient showing of bad faith or oppressive conduct on the part of Plaintiff. Though Plaintiff failed to file an EEOC complaint and failed to adequately plead a Title VII claim, such failings are regrettable but also

Civil No. 04-1093 (JAF)                                      -3-

commonplace. Furthermore, as Plaintiff points out, the EEOC filing requirement is subject to waiver, so filing suit in federal court prior to an EEOC filing is not a mere waste of time. See Docket Document No. 147 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Though the odds of success were small, likely failure alone does not make a motion vexatious, wanton, or unreasonable. If it were, we could say the same of Defendant Quality's present motion for attorneys' fees.

We further note that Defendant Quality's exasperation with the multiplicity of documents filed in federal court is misplaced. This case found its way to federal court because Defendant Dep't of Education was added as a defendant and Defendant Dep't of Education removed to federal court. Docket Document No. 1. Plaintiff did not remove the case, so the blame for the volume of documents required by the federal court hardly falls on Plaintiff's shoulders.

Having no reason to deviate from the general rule that attorneys' fees are not recoverable as costs, Defendant Quality's motion is **DENIED.**

**IT IS SO ORDERED.**

Civil No. 04-1093 (JAF)                                            -4-

1       San Juan, Puerto Rico, this 22nd day of August, 2005.

2                                         S/José Antonio Fusté
3                                         JOSE ANTONIO FUSTE
4                                      Chief U. S. District Judge